IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., ANTHONY JAYNES | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO.: 08-CV-3980 |
| DONALD HULICK, Warden, | ) ) | Judge Robert M. Dow, Jr., |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent Donald Hulick's motion to dismiss [16] Petitioner Anthony Jaynes' petition for habeas corpus [6] on the ground that the petition is time barred under the one year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, Respondent's motion [16] is granted.

**I.      Background**

On November 20, 1995, Petitioner was found guilty by a jury of two counts of first degree murder and sentenced to seventy years in prison in the Circuit Court of Cook County. He is now in the custody of Respondent Donald Hulick, the Warden of Menard Correctional Center.

On August 26, 1998, the Illinois Appellate Court, First District, on direct appeal, affirmed Petitioner's conviction. Petitioner subsequently filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court, which was denied December 2, 1998. Petitioner did not file a petition for certiorari with the United States Supreme Court at that time. On November 17, 1998, before the Illinois Supreme Court denied his PLA, Petitioner filed a petition for post-conviction relief in

the Circuit Court of Cook County. He then filed two supplements to that petition on May 20, 2001 and January 15, 2004. The Circuit Court dismissed the post-conviction petitions on October 26, 2004. Petitioner appealed that dismissal, and the Appellate Court of Illinois, First District, affirmed the Circuit Court's dismissal on June 19, 2006. On November 29, 2006, the Illinois Supreme Court denied his PLA. Petitioner then filed a petition for writ of certiorari in the Supreme Court of the United States on February 18, 2007. The Court denied the petition on October 1, 2007.

On July 7, 2008, Petitioner filed his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Petitioner raises ten substantive issues: (i) the trial court erred during jury selection; (ii) the trial court erred in failing to properly instruct the jury; (iii) the trial court admitted photographs to the jury that was prejudicial to petitioner; (iv) state evidence does not prove defendant guilty beyond a reasonable doubt; (v) the trial court erred by admitting into evidence inflammatory details about threats and intimidation experienced by state witnesses; (vi) the trial court erroneously admitted hearsay testimony about another crime allegedly committed by petitioner; (vii) petitioner was denied a fair trial and due process; (viii) petitioner was denied a fair trial by repeated improper comments during closing and rebuttal arguments; (ix) ineffective assistance of trial and appellate counsel; and (x) abuse of discretion by sentencing defendant to a seventy year extended term.

**II.     Analysis**

It is undisputed that Petitioner has no further state court avenues of review, and thus he has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1).

That one year period begins to run from the latest of four specified dates. Here, the only pertinent initiating date is found in Section 2244(d)(1)(A) which provides "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The disposition of this case turns on when Petitioner's judgment became final for purposes of Section 2244, which is determined by the date on which Petitioner's time to seek direct review expired. Respondent contends that, because Petitioner did not seek certiorari in the United States Supreme Court on direct review, the judgment became final 90 days after the Illinois Supreme Court denied Petitioner's PLA in 1998. Petitioner, espousing a unique understanding of direct review, argues that the judgment did not become final until the denial of his petition for certiorari following his post-conviction review. The Court agrees with Respondent and therefore must dismiss Petitioner's habeas petition as untimely.

It is only upon conclusion of direct review or the expiration of the time period allowed to seek such review that judgment becomes final and the limitation period begins to run. In Illinois, direct review can include appeal to the Appellate Court, followed by discretionary review by the Illinois Supreme Court, and a petition for certiorari with the United States Supreme Court. See *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006) (Illinois Appellate Court affirmed defendant's conviction, the Illinois Supreme Court denied his PLA, and the conviction became final 90 days later when the time to file a petition for certiorari expired). A petition for certiorari is the last possible step of direct review which, if sought and granted, may delay the initiation of the limitations period. If a petitioner fails to file a petition for United States Supreme Court review within 90 days of reaching the end of the road in the state court system, that opportunity is forever lost and the limitations period begins to run. The rule is so well-established at this point

that courts only discuss it in passing.[1]  See, *e.g.*, *id*.; *Lo v. Endicott*, 506 F.3d 572, 574 (7th Cir. 2007); *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005); *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005).  Nevertheless, Petitioner argues, without any support in the case law, that his right to bring a direct appeal somehow survives the 90 day period.  The term "expiration of the time for seeking such review" would be meaningless if Petitioner's argument were accepted because there would be no ascertainable way to define that time.  The 90 day period provides that outer limit and by failing to file a petition for certiorari in those 90 days, Petitioner lost the right to do so.

The Court rejects Petitioner's contention that "Section 2244(d)(1)(A) does not identify nor limit its application to a specific point in a state prisoner's Appellate Process that constitute a 'direct review or the time for seeking such review' other than to regulate it to immediately following an adverse decision of a States Supreme Court review of a state prisoner's judgment or conviction."  This argument fails not only in light of the firmly established meaning of that phrase, discussed above, but also because Section 2244(d) clearly differentiates between "direct review" and "State post-conviction or other collateral review."  The conclusion of the former initiates the limitations period, while the latter can toll that period if properly initiated.  The statute is clear that a final judgment following direct review, rather than an "adverse decision by the state supreme court," triggers the imitations period.

Petitioner's argument that his petition for writ of certiorari to the Supreme Court filed February 18, 2007, should be accepted as a continuation of his "direct appeal" must be rejected for the additional reason that an untenable uncertainty would result.  Petitioner believes that his petition for certiorari should be viewed as part of his "direct appeal," which would toll the

---

[1] In Illinois, the limitations period can begin to run as early as thirty-five days after entry of the Appellate Court's judgment on direct appeal if a petitioner does not file a PLA.  See Ill. Sup. Ct. R. 315(b); *Sulton v. Trancoso*, 2009 WL 855953, *2 (N.D. Ill. Mar. 30, 2009).

4

limitations period pursuant to Section 2244(d)(1)(A). See *Lawrence v. FLorida*, 549 U.S. 327, 332 (2007). As an initial matter, Section 2244(d)(1)(A) does not *toll* the limitations period – it simply determines when the clock starts running. Following Petitioner's suggestion to its logical conclusion, if a defendant could "reserve" his direct appeal, the limitations period could not begin and state judgments would not become final following direct review if the defendant did not file a petition for certiorari to the Supreme Court. Congress revealed its intention to start the limitations period at a definable point to avoid such uncertainty. AEDPA's limitations period, with permissible tolling allowances, "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 178 (2001). For this additional reason, the Court rejects Petitioner's argument.

Plaintiff contends that his petition should be deemed to be timely because the Clerk of the Supreme Court, who is prohibited from filing any petition that is jurisdictionally out of time, accepted his petition. There are two problems with this argument. First, the Supreme Court has held that the strict prohibition on accepting an untimely petition does not apply to criminal cases. See *Bowles v. Russell*, 127 S. Ct. 2360, 2365 (2007). Second, even if the prohibition currently applied, the Clerk's acceptance of the petition merely underscores that the petition was viewed as a request to review the Illinois Appellate Court's denial of his post-conviction petition. In fact, that is how the 2007 petition appears on the Supreme Court docket – as a petition to review the state court decisions of June 19, 2006 and November 29, 2006, not the decisions from 1998. If Petitioner had tried to file a certiorari petition in 2007, regarding the Illinois Supreme Court's denial of his PLA in 1998, it would have been rejected as nearly a decade too late. The Court cannot accept Petitioner's attempt to re-characterize his petition in this manner.

It is unclear exactly what Petitioner means when he states that "[h]ad the petition not been filed then petitioner would have had more than enough time to prepare and file his Habeas within the 1 year period." Perhaps he is arguing that if he knew his petition for certiorari would be interpreted as referencing his post-conviction appeal, then he would have known that the limitations period was not being tolled and he would have submitted his habeas petition. To the extent that Petitioner is arguing that equitable tolling should apply because he failed to understand the statutory tolling procedures, that argument is foreclosed by Seventh Circuit precedent. "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (citing *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004)).

The Illinois Supreme Court denied Petitioner's PLA on December 2, 1998. He then had ninety days to file a petition for writ of certiorari to the United States Supreme Court. See United States Supreme Court Rule 13; 28 U.S.C. § 2101(d); *Clay v. United States*, 537 U.S. 522, 525 (2003). He did not file within the allotted period. When a state prisoner chooses not to seek certiorari, "the conviction becomes final when 'the time for filing a certiorari petition expires.'" See *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (quoting *Clay*, 537 U.S. at 527). Therefore Petitioner's judgment became final, and the one-year limitations period began to run on March 2, 1999. However, the period was tolled before it actually began to run because Petitioner filed a post-conviction petition on November 17, 1998. Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief or other collateral review. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Respondent does not contend that Petitioner's post-conviction petition was improperly filed and therefore, the limitations period was tolled until November 29, 2006 when the Illinois Supreme

Court denied his PLA. The limitations period thus began to run in earnest on that date and Petitioner had until November 29, 2007 to file his habeas petition. Petitioner's July 8, 2008 filing is impermissibly late and must be dismissed. Petitioner maintains that he performed all the steps that he thought he had to perform, and did so with due diligence, to ensure that he would have "his conviction on direct review before the United States Supreme Court." Unfortunately, he failed to perform the only step that mattered – filing a petition for writ of certiorari within ninety days of December 2, 1998.

In the alternative, Petitioner argues that if the limitations period is not tolled by the first request for a petition for writ of certiorari to the United States Supreme Court, then AEDPA must be deemed unconstitutional. Petitioner presents three closely related reasons why he believes that the statute denies his rights to due process and equal protection of the law in violation of the Fourteenth Amendment: (i) the statute is vague and ambiguous because it is unclear when the limitations period will be tolled by seeking a writ of certiorari to the Supreme Court; (ii) 28 U.S.C. §§ 2244(d)(1)(A), (d)(2) are in conflict with 28 U.S.C. §§ 2254(a), (b)(1)(A) because Sections 2254 require that a petitioner first exhaust all remedies, but if that is properly done, then direct review under Section 2244 is no longer available; and (iii) State prisoners will be denied direct review, and thus denied access to the courts, if they comply with the statute and exhaust their available state remedies before filing a petition for writ of certiorari in the Supreme Court. Petitioner does not cite any authority for these arguments, and the Court did not independently encounter challenges to AEDPA on similar bases. However, other challenges to the one year statute of limitations have failed without exception, including under the Suspension Clause, *Green v. White*, 223 F.3d 1001 (9th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392-

393 (5th Cir. 1999), the First Amendment, *Anderson v. D.K. Sisto*, 2008 WL 3925837 (E.D. Cal. Aug. 25, 2008), and the Ex Post Facto Clause, *United States v. Flores*, 135 F.3d 1000, 1004-1005 (5th Cir. 1998); *Rashid v. Khulman*, 991 F. Supp. 254, 261 (S.D.N.Y. 1998). The Court adds Petitioner's arguments to this list of rejected attacks. These challenges simply rest on a misreading or misunderstanding of AEDPA and its relation to other routes to appeal a conviction.

Petitioner's first argument is that Section 2244(d)(1)(A) fails to distinguish which petitions for certiorari filed with the Supreme Court toll the one year limitations period. The simple response is that there are no petitions for certiorari that toll the limitations period pursuant to 2244(d)(1)(A). The limitations period does not begin to run until "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the date for seeking such review." If a petition for writ of certiorari is filed in the Supreme Court on direct review, then the judgment is not yet final for purposes of the statute of limitations under Section 2244. See *Clay*, 537 U.S. at 528 n.3. If the defendant does not file a petition for writ of certiorari within the permissible time period, then the judgment becomes final when the period to do so expires. See *Jones*, 449 F.3d at 788. Either way, the limitations period is not "tolled" – it simply has not begun. In addition, there is only one possible petition for certiorari that would implicate Section 2244(d)(1)(A) in any way – that coming at the tail end of direct review. As discussed above, if no petition for certiorari is filed within the permissible time period, the opportunity to seek Supreme Court review on direct appeal is lost. Once the judgment is final, any petitions for certiorari to the Supreme Court arising from a collateral attack do not reference 2244(d)(1)(A) and do not toll the limitations period. See *Lawrence*, 549 U.S. at 332. When Petitioner failed to file a petition for certiorari following the denial of his PLA in 1998, he

forever lost the only chance to "affect" the limitations period. The rule requiring petitions for certiorari to be filed within 90 days is independent of AEDPA (see Supreme Court Rule 13) and Petitioner cannot manipulate AEDPA to attempt to circumvent that rule.

As to the second argument, that the exhaustion requirement under Section 2254 prevents direct review under Section 2244, Petitioner simply fails to discern the distinction between writs of certiorari and writs of habeas corpus. A state defendant can petition the Supreme Court for a writ of certiorari on direct review (see, *e.g.*, *Clay*, 537 U.S. at 528) or following a collateral attack (see, *e.g.*, *Lawrence*, 549 U.S. at 330) within 90 days of the judgment or denial of discretionary review by the state court of last resort. See Supreme Court Rule 13.1. The ability to seek these writs is not affected by AEDPA and does not require "exhaustion" as that term is used in Section 2254. Only habeas corpus, the purview of Section 2254, requires "exhaustion of remedies." This misapprehension is obvious in Petitioner's statement that Section 2244(d)(1)(A) is a "fire trap that will be punitive in nature, in that, although the 1 year limitation period may be tolled for those state prisoners who timely seek certiorari without first exhausting all state remedies available it will be of no moment, because by law, the court cannot grant the writ." This of course is not true because there is no exhaustion requirement for certiorari petitions following direct review.

Petitioner's third argument – that state prisoners will be denied direct review, and thus denied access to the courts, if they comply with the statute and exhaust their available state remedies before filing a petition for writ of certiorari with the Supreme Court – is indistinguishable from his second and rejected for the same reason. Petitioner simply misapprehends the law. There is no requirement to exhaust state remedies, as that term is used in the AEDPA, before filing a petition for a writ of certiorari on direct review. Nothing in the

forever lost the only chance to "affect" the limitations period. The rule requiring petitions for certiorari to be filed within 90 days is independent of AEDPA (see Supreme Court Rule 13) and Petitioner cannot manipulate AEDPA to attempt to circumvent that rule.

As to the second argument, that the exhaustion requirement under Section 2254 prevents direct review under Section 2244, Petitioner simply fails to discern the distinction between writs of certiorari and writs of habeas corpus. A state defendant can petition the Supreme Court for a writ of certiorari on direct review (see, *e.g.*, *Clay*, 537 U.S. at 528) or following a collateral attack (see, *e.g.*, *Lawrence*, 549 U.S. at 330) within 90 days of the judgment or denial of discretionary review by the state court of last resort. See Supreme Court Rule 13.1. The ability to seek these writs is not affected by AEDPA and does not require "exhaustion" as that term is used in Section 2254. Only habeas corpus, the purview of Section 2254, requires "exhaustion of remedies." This misapprehension is obvious in Petitioner's statement that Section 2244(d)(1)(A) is a "fire trap that will be punitive in nature, in that, although the 1 year limitation period may be tolled for those state prisoners who timely seek certiorari without first exhausting all state remedies available it will be of no moment, because by law, the court cannot grant the writ." This of course is not true because there is no exhaustion requirement for certiorari petitions following direct review.

Petitioner's third argument – that state prisoners will be denied direct review, and thus denied access to the courts, if they comply with the statute and exhaust their available state remedies before filing a petition for writ of certiorari with the Supreme Court – is indistinguishable from his second and rejected for the same reason. Petitioner simply misapprehends the law. There is no requirement to exhaust state remedies, as that term is used in the AEDPA, before filing a petition for a writ of certiorari on direct review. Nothing in the

forever lost the only chance to "affect" the limitations period. The rule requiring petitions for certiorari to be filed within 90 days is independent of AEDPA (see Supreme Court Rule 13) and Petitioner cannot manipulate AEDPA to attempt to circumvent that rule.

As to the second argument, that the exhaustion requirement under Section 2254 prevents direct review under Section 2244, Petitioner simply fails to discern the distinction between writs of certiorari and writs of habeas corpus. A state defendant can petition the Supreme Court for a writ of certiorari on direct review (see, *e.g.*, *Clay*, 537 U.S. at 528) or following a collateral attack (see, *e.g.*, *Lawrence*, 549 U.S. at 330) within 90 days of the judgment or denial of discretionary review by the state court of last resort. See Supreme Court Rule 13.1. The ability to seek these writs is not affected by AEDPA and does not require "exhaustion" as that term is used in Section 2254. Only habeas corpus, the purview of Section 2254, requires "exhaustion of remedies." This misapprehension is obvious in Petitioner's statement that Section 2244(d)(1)(A) is a "fire trap that will be punitive in nature, in that, although the 1 year limitation period may be tolled for those state prisoners who timely seek certiorari without first exhausting all state remedies available it will be of no moment, because by law, the court cannot grant the writ." This of course is not true because there is no exhaustion requirement for certiorari petitions following direct review.

Petitioner's third argument – that state prisoners will be denied direct review, and thus denied access to the courts, if they comply with the statute and exhaust their available state remedies before filing a petition for writ of certiorari with the Supreme Court – is indistinguishable from his second and rejected for the same reason. Petitioner simply misapprehends the law. There is no requirement to exhaust state remedies, as that term is used in the AEDPA, before filing a petition for a writ of certiorari on direct review. Nothing in the

AEDPA dictates how a petition for certiorari should be properly filed. Seeking a writ of certiorari is wholly independent from the AEDPA and habeas petitions. Because exhaustion of state remedies is not required before filing a writ of certiorari on direct review, no one is denied access to the courts by failing to exhaust at that stage.

In sum, all of Petitioner's constitutional arguments are premised on a misreading of AEDPA and its relationship to the independent process of seeking a writ of certiorari, and therefore are rejected.

### III. Conclusion

For the foregoing reasons, Respondent's motion to dismiss the petition for a writ of habeas corpus [16] is granted.

Dated: July 21, 2009

Robert M. Dow, Jr.
United States District Judge