**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| ANTHONY JAYNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 08-cv-3980 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DONALD HULICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Anthony Jaynes, an Illinois state prisoner, seeks a certificate of appealability [28], which is a prerequisite to any appeal that he may take from this Court's memorandum opinion and order of July 21, 2009 [25], denying his petition for a writ of habeas corpus. For the reasons stated below, the Court respectfully denies Petitioner's request for a certificate of appealability [28].

**I.      Background**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he presented ten claims: (i) the trial court erred during jury selection; (ii) the trial court erred in failing to properly instruct the jury; (iii) the trial court admitted photographs to the jury that was prejudicial to petitioner; (iv) state evidence does not prove defendant guilty beyond a reasonable doubt; (v) the trial court erred by admitting into evidence inflammatory details about threats and intimidation experienced by state witnesses; (vi) the trial court erroneously admitted hearsay testimony about another crime allegedly committed by petitioner; (vii) petitioner was denied a fair trial and due process; (viii) petitioner was denied a fair trial by repeated improper comments during closing and rebuttal arguments; (ix) ineffective assistance of trial and appellate counsel;

and (x) abuse of discretion by sentencing defendant to a seventy year extended term. Respondent Donald Hulick moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). In his motion, Respondent argued that under AEDPA's one-year statute of limitations (see *Jimenez v. Quarterman*, 129 S. Ct. 681, 683 (2009)), Petitioner's habeas petition was due on or before November 29, 2007, but was not filed until July 7, 2008.

On July 21, 2009, this Court entered a memorandum opinion and order [25] dismissing Jaynes' habeas petition time-barred. Petitioner seeks to appeal the Court's decision and has filed an application for a certificate of appealability [28].

## II.    Discussion

This Court has discretion to issue a certificate of appealability ("COA") "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Supreme Court has held that when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. And, as the Seventh Circuit has stressed, "[i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no

certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

With regard to Petitioner's request for a certificate of appealability, the threshold question is whether he presents a "substantial argument that the district judge erred" in resolving the non-constitutional question – here, "compliance with the statute of limitations" – for if that question is answered in the negative, "then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis*, 349 F.3d at 1029. Here, Respondent argued, and the Court found, that the one-year AEDPA statutory period began to run on November 29, 2006, when the Illinois Supreme Court denied the petition for leave to appeal pertaining to Petitioner's post-conviction petition. Although the statute of limitations for filing a habeas petition commenced on March 2, 1999 (ninety days after the Illinois Supreme Court denied Petitioner's PLA on December 2, 1998), Petitioner was entitled to statutory tolling for "[t]he time during which [his] properly filed application for State post-conviction or other collateral review * * * [was] pending." 28 U.S.C. § 2244(d)(2); see *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Since Petitioner properly filed a state post-conviction petition on November 17, 1998 – before the date on which his conviction became final – § 2244(d)(2) tolled the limitations period while his post-conviction proceedings were "pending." Therefore, the limitations period was tolled until November 29, 2006, when the Illinois Supreme Court denied his PLA. See *Lawrence v. Florida*, 127 S. Ct 1079, 1083 (2007) (holding that the petition is no longer "pending" for the purposes of tolling the AEDPA statute of limitations period under 28 U.S.C. § 2244(d)(2) after the state court's review is complete, regardless of whether the petitioner seeks *certiorari* from the United States Supreme Court).

The limitations period thus began to run in earnest on that date and Petitioner had until November 29, 2007, to file his habeas petition. Petitioner concedes that his habeas petition was not filed until July 7, 2008, more than seven months late. In support of his request for a certificate of appealability, Petitioner presents no particularized arguments as to why one should issue as to any of the ten substantive issues raised in his petition. Rather, Petitioner simply states his general belief that "these issues deserves [sic] to be looked at in fundamental fairness." He also claims that "[a]t all times during the appeal process, [P]etitioner has diligently sought relief in a timely manner." Finally, he asserts that he has "substantially complied with the rules and that [his] petition should not be dismissed on procedural default." Petitioner's allegations did not indicate that he could be entitled to toll the statute of limitations on any other ground. See *Tucker v. Kingston*, 538 F.3d 732, (7th Cir. 2008) (explaining that equitable tolling is rarely justified, assuming that it even applies to § 2254 petitions). Essentially, Petitioner challenges the Court's procedural ruling that review of the merits of his petition was foreclosed on statute of limitations grounds.

The Court concludes that no substantial argument has been or can be made that the Court erred in dismissing Jaynes' habeas petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). Accordingly, "because there is no substantial argument * * * that [Petitioner's] petition is timely, it would be inappropriate to issue a certificate even if one or more constitutional contentions had been substantial, for it is pointless to brief the merits when the statute of limitations halts the proceedings at the threshold." *Davis*, 349 F.3d at 1029; see also *Slack*, 529 U.S. at 484 ("where a plain procedural bar is present and the district court is free to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in resolving the procedural question or that the petitioner should be allowed to proceed further").

### III.    Conclusion

For the reasons stated above, the Court respectfully denies Petitioner's application for a certificate of appealability [28].

Dated:  October 16, 2009

_____
Robert M. Dow, Jr.
United States District Judge